CLERK'S OFFICE
AT ROANOKE
FILED

FEB 27 2015

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA TRAE SPIVEY, ) | |
|    Plaintiff, ) | Civil Action No. 7:15cv00013 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NEW RIVER VALLEY ) | |
| REGIONAL JAIL, *et al.*, ) | By: Michael F. Urbanski |
|    Defendants. ) | United States District Judge |

Plaintiff Joshua Trae Spivey, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983, alleging that the defendants, the New River Valley Regional Jail ("NRVRJ"), Superintendent Gerald A. McPeak, and Doctor Moses, violated his constitutional rights by providing inadequate medical care. Upon review of Spivey's complaint, the court finds that Spivey has failed to state a claim of constitutional magnitude and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Spivey alleges, *in toto*, that "Dr. Moses refused to give or allow [Spivey] a blood test for Hep[atitis] C," that the "Jail refused medical care," and that "Gerald A. McPeak, Superintendent, refused to allow or order Dr. Moses to test [Spivey] for Hep[atitis] C." Spivey seeks $100,000 and "proper medical treatment."

While no context is provided in the complaint, Spivey indicated in grievance appeal forms that he shared a needle with a girl who told him she now has Hepatitis C. Spivey did not indicate that he actually has Hepatitis C. In response to the appeal, Superintendent McPeak explained that Hepatitis C testing was not yet available at NRVRJ but that they were working on getting it. Superintendent McPeak further stated that Spivey was seen by Dr. Moses and Dr. Moses saw no medical reason for Spivey to be tested. Superintendent McPeak advised Spivey to report any symptoms to the medical department so that they can be documented for Dr. Moses's review.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)). A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wynn v. Mundo, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004).

In this case, Spivey has not demonstrated that he has a serious medical need. However, even if he could demonstrate a serious medical need, Spivey does not dispute that he has been seen and evaluated by Doctor Moses. Although Spivey may disagree with Dr. Moses's assessment concerning Spivey's need for Hepatitis C testing, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Further, as a nonmedical employee, Superintendent McPeak is entitled to rely on the medical judgment and expertise of prison physicians and medical staff concerning the course of treatment necessary for inmates. See

2

Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990). Accordingly, the court finds that Spivey has failed to state a constitutional claim, and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

ENTER: This 26th day of February, 2015.

/s/ Michael F. Urbanski
United States District Judge